# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTINE GRAEBER,

      Plaintiff,

vs.                                                                            No. CIV 11-CV-00047 MV/WDS

UNITED STATES OF AMERICA,

      Defendant.

## PRETRIAL ORDER

This matter is before the Court pursuant to FED. R. CIV. P. 16.  The parties conferred and submit the following Pretrial Order.

### I.  APPEARANCES

Attorneys who will try the action:

      For Plaintiff(s)                    Alexander A. Wold, Jr., Alexander A. Wold, P.C.

      For Defendant(s)                Jan Elizabeth Mitchell, Assistant United States Attorney

### II.  JURISDICTION AND RELIEF SOUGHT

A.  Subject Matter Jurisdiction.

    1.  Was this action removed or transferred from another forum? ____Yes  _X_ No.  If yes, was the action removed or transferred?

      _____ Removed        _____ Transferred  _____ Original forum

    2.  Is subject matter jurisdiction of this Court contested?

      _X_ Uncontested  _____ Contested  _____ Party contesting

3.  Asserted basis for jurisdiction.

  X   Federal Question       Diversity       Other

Statutory Provision(s) Invoked: Title 28 U.S.C. §§ 1346(b), 2671 *et seq.*

B.  **Personal Jurisdiction and Venue.**

1. Is personal jurisdiction contested?

  X   Uncontested       Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

2. Is venue contested?

 X  Uncontested       Contested   _____ Party contesting

C.  **Are the proper parties before the Court?**

  X   Uncontested       Contested

If contested, identify each missing party or improper party and the basis for the contention:

_____

D.  **Identify the affirmative relief sought in this action.**

1.  Plaintiff seeks:

Compensation for personal injury damages incurred in this traffic accident.

Compensation for the damages to her vehicle.

2.  Defendant seeks: Entry of Judgment in Defendant's favor

3.  Other party seeks:

2

### III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A.  Plaintiff's claims:**

On December 9, 2009, Plaintiff was driving west on Alameda Blvd. NW in Albuquerque, New Mexico.  A vehicle owned by the Department of Veterans Affairs and driven by an employee of the Department of Veterans Affairs, Kathryn Porrello, was driving west on Alameda Blvd. when she crashed into the rear of Plaintiff's vehicle.  Plaintiff suffered injuries to her neck and back as a result of this incident.  Plaintiff's vehicle was totaled.

**B.  Defendant's defenses:**  (*A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.*)

On December 10, 2009, Plaintiff, Christine Graeber, who was driving a 2004 Ford Taurus, was stopped for a red light at the intersection of Alameda Blvd., NW, and 2nd Street. A government vehicle driven by an employee of the Department of Veterans Affairs, Kathryn Porrello, came up behind the vehicle driven by Ms. Graeber.  When the light turned green both vehicles proceeded forward.  Ms. Graeber stopped suddenly and her car was hit from behind on the right rear bumper.  Ms. Porrello was going no more than 10 mph at the time of the impact.  There was damage to the right rear bumper of Ms. Graeber's vehicle, including the bumper cover and the tail and license lamps.

Ms. Graeber had been in another car accident not involving a government employee on November 2, 2009, which resulted in extensive damage to the driver's side of her vehicle. That damage had not been repaired at the time of the accident on December 10, 2009.  In fact, Ms. Graeber was coming from getting an estimate for the repair of her vehicle resulting from the November 2009 accident at the time of her accident with Ms. Porrello.  Ms. Graeber's insurance company, State Farm Insurance Co., paid $2,615.73 to a third party lien holder on

behalf of Ms. Graeber for damage to her vehicle resulting from the November 2, 2009 accident.

In January 2010, Ms. Graeber authorized State Farm Insurance Co. to make payment in the amount of $1,825.92 to a third-party lien holder, JDB Acceptance Corp of NM, dba CNAC, for the damage to her vehicle resulting from the December 10, 2009 accident.  State Farm Insurance Co. also paid for a rental car for Ms. Graeber's use.

State Farm Insurance Co. filed an administrative tort claim with the Department of Veterans Affairs for the amount it paid with respect to the damage to Ms. Graeber's car resulting from the accident on December 10, 2009, and for the cost of providing a rental car to Ms. Graeber.  The Department of Veterans Affairs paid State Farm Insurance Co. $1,999.39 in full settlement of the claim for the damage to Ms. Graeber's vehicle.  Plaintiff had a $100 deductible on her insurance policy with State Farm Insurance Co. which was not covered by the settlement between the Department of Veterans Affairs and State Farm Insurance Co.

Ms. Graeber suffered soft tissue injury, with no discernable cervical injury seen on x-ray.  Her physician attributed her physical problems to both of the vehicle accidents in which she was involved (the November and December 2009 accidents).  Her medical treatment included 4 visits for physical therapy and visits to an internist.  The documented medical expenses provided by Plaintiff are approximately $4,225.00.

Plaintiff was not employed at the time of the accident and has no lost wages.  She has been receiving Social Security disability payments for unrelated medical reasons since 1997.  Ms. Graeber was in another car accident in March 2011 when she was stopped at a stoplight and was bumped from behind.

C.  **Claims or defenses of other party(s):**

*(Where counterclaims or cross-claims exist, also give brief description.)*

## IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

A.  **Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

1.      On December 10, 2009, Plaintiff and an employee of Defendant were westbound on Alameda Blvd, NW, in Albuquerque, NM.

2.      An employee of the Department of Veterans Affairs was behind Plaintiff's vehicle at the intersection of 2nd and Alameda and both vehicles were stopped for a red light.

3.      Plaintiff's vehicle was hit from behind after both vehicles proceeded forward when the light turned green.

B.  **Contested Material Facts.**

1.  Plaintiff's Contentions:

(a) The plaintiff has suffered a permanent injury and medical expenses

(b) The plaintiff has suffered pain and suffering.

(c) The plaintiff's vehicle was damaged beyond repair.

2.  Defendant's Contentions:

(a) Plaintiff, through her insurance carrier, State Farm Insurance Co., was fully compensated by the United States for damage to her vehicle resulting from the accident on December 10, 2009.  Ms. Graeber's vehicle was not damaged beyond repair.

(b) The accident involving Plaintiff was not a serious accident and she has no evidence that she sustained permanent injuries as a result of the accident.

3. Contentions of Other Party(s):

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

   X    Yes       No

**If yes, identify the applicable law.**  The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671

*et seq.*, and applicable New Mexico state law.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

1. Plaintiff

2. Defendant

3. Other party

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

1. Plaintiff

2. Defendant

3. Other Party

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):**

1. Plaintiff: None

2. Defendant: None

3. Other party

**B.  Motions which may be filed:**

1. Plaintiff: Motion for Summary Judgment

**2.** Defendant: Motions in Limine

**3.** Other party

The briefing package on any Motions in Limine **must be complete and filed** with the

Court by October 1, 2012.

## VIII.  DISCOVERY

**A.  Has discovery been completed?  _X_  Yes       _____  No**

If no, discovery terminates on  _____.

**B.  Are there any discovery matters of which the Court should be aware?**

The Plaintiff's medical condition has been unstable delaying settlement discussions and

discovery.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of
anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the
witness will testify in person or by deposition and include a brief description of the anticipated
testimony.  If the testimony is by deposition, identify the deposition by page number and line
number.  A witness who has not been identified and whose testimony has not been disclosed
may not testify at trial unless good cause is shown.*

**A.  Plaintiff's Witnesses:**

**1.** Plaintiff will call or have available at trial the following witnesses:

a) Plaintiff, Christine Graeber, c/o/ Alexander A. Wold, Jr., Alexander A.

Wold, P.C., 302 Silver Ave. SE, Albuquerque, NM; phone (505) 242-3444

b) Ruby Graeber, P.O. Box 2833, Corrales, NM 87148; phone (505) 898-9438

It is expected that Plaintiff's mother will testify about how the injuries Plaintiff suffered in this

accident have affected her.

c) Daniela Otero, P.O. Box 2833, Corrales, NM 87048; phone (505) 550-5726

It is expected that Plaintiff's sister will testify about how the injuries Plaintiff suffered in this accident have affected her.

   d) James Russo, DO, ABQ Heath Partners,  4150 Journal Center Blvd. NE, Albuquerque, NM   87109

It is expected that Dr. Russo will testify about injuries Plaintiff suffered in this motor vehicle accident and treatment of those injuries.

   e) Kathryn Porrello, c/o/ Jan Elizabeth Mitchell, Assistant US Attorney

  **2.**  Plaintiff may call the following witnesses:

   a) Nella Sanchez-Cook, PT, Lovelace Westside Hospital, 4801 McMahon NW, Suite 100, Albuquerque, NM 87114

**B.  Defendant's Witnesses:**

  **1.**  Defendant will call or have available at trial the following witnesses:

  **2.**  Defendant may call the following witnesses:

   a)  Plaintiff, Christine Graeber

   b)  Dr. James Russo, DO, ABQ Health Partners, 4150 Journal Center Blvd. NE, Albuquerque, NM 87109

 Dr. Russo was the primary treating physician after Ms. Graeber's accident on December 10, 2009.  He will testify concerning her injuries, her treatment, and other aspects of her medical condition.

   c)  Kathryn Porrello
      Department of Veterans Affairs
      Albuquerque, NM 87106
      265-1711

 Ms. Porrello will testify about the accident on December 10, 2009.

8

d)      Bonita Ortiz, or other representative of the Office of Regional Counsel
Regional Counsel
Department of Veterans Affairs
Albuquerque, NM 87106
265-1711

Ms. Ortiz, or other representative from the Office of Regional Counsel, will testify concerning the claim from State Farm Insurance Company pertaining to the vehicle damage resulting from the accident involving Christine D. Graeber and Kathryn Porrello on December 10, 2009. Ms. Ortiz will testify concerning the settlement by the United States of the claim from State Farm Insurance Company.

e)      Any witnesses listed or identified by Plaintiff as either "will call" or "may call."

## X. TRIAL PREPARATION

Please refer to "PreTrial Deadlines Before The Honorable Martha Vázquez" attached to

the Trial Notice and "Preparation for Civil Trials Before The Honorable Martha Vázquez"

located at http://www.nmcourt.fed.us/web/DCDOCS/Judges/vazquez.html and adhere to the

instructions set forth therein..

## XI.  OTHER MATTERS

A.  Settlement Possibilities.

1.  The possibility of settlement in this case is considered:

_____  Poor    _____  Fair    _X_  Good    _____  Excellent    _____  Unknown

2.  Do the parties have a settlement conference set with the assigned Magistrate Judge?

_____  Yes    _X_  No      If yes, when? _____

If a settlement conference has already been held, indicate approximate date.

_____

Would a follow-up settlement conference be beneficial?  _____  Yes  _____  No

3.  Does either party wish to explore any alternatives for dispute resolution such as

mediation or a summary jury trial?  If yes, please identify.

_____ If no, explain why

not._____

## B.  Length of Trial and Trial Setting.

1.  This action is a   __X__   Bench trial       _____   Jury Trial       _____   Both

2.  The case is set for trial on <u>October 22, 2012</u>.  If there is no setting, the parties

estimate they will be ready for trial by  _____.

3.  The estimated length of trial is  __1__  day(s).

## XII.  EXCEPTIONS

## XIII.  MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be

amended *sua sponte* by the Court or by consent of the parties and Court approval.  The

pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby

approved this 5th  day of March, 2012.

**Approved by email 3/5/2012**
Alexander A. Wold, Jr.
Alexander A. Wold, P.C.
302 Silver Avenue SE
Albuquerque, NM  87102
Phone (505 242-3444

*Attorney for Plaintiff*

KENNETH J. GONZALES
United States Attorney

 /s/   **Submitted electronically 3/5/2012**
JAN ELIZABETH MITCHELL
Assistant United States Attorney
P O Box 607
Albuquerque, NM  87103
505.346.7274
jan.mitchell@usdoj.gov

*Attorney for the United States of America*

Dated: May 31, 2012

_____
UNITED STATES DISTRICT JUDGE

11